UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ana Isabel Garcia Vera, A 26-928-372 and
Maria Dolores Vera Reynosa,

        Plaintiffs,                                **MEMORANDUM OPINION AND ORDER**

    v.                                            Civil No. 07-3837 ADM/AJB

Michael Chertoff, Secretary, Department of
Homeland Security; Emilio Gonzales,
Director, Citizenship & Immigration
Service; Denise Frazier, Director, St. Paul
District, Citizenship & Immigration Service;
and Michael B. Mukasey, Attorney General
of the United States,

        Defendants.

---

David L. Wilson, Esq., Wilson Law Group, Minneapolis, MN, argued on behalf of Plaintiffs.

David W. Fuller, Esq., Assistant United States Attorney, Minneapolis, MN, argued on behalf of Defendants.

---

## I. INTRODUCTION

On July 25, 2008, the undersigned United States District Judge heard argument on Defendants' Motion to Dismiss or In the Alternative for Summary Judgment [Docket No. 14] and Ana Isabel Garcia Vera ("Ana Vera") and Maria Dolores Vera Reynosa's ("Maria Reynosa") (collectively "Plaintiffs") Motion for Summary Judgment [Docket No. 20]. In their Complaint [Docket No. 1], Plaintiffs challenge Defendants' denial of a Form I-130 Petition for Alien Relative. For the reasons set forth herein, Plaintiffs' Motion for Summary Judgment and Defendants' Motion to Dismiss are denied, and Defendants' Motion for Summary Judgment is granted.

## II. BACKGROUND

**A.    Form I-130 Petitions**

Prior to March 1, 2003, the United States Immigration and Naturalization Service ("INS") adjudicated immigrant visa petitions, naturalization petitions, and asylum and refugee applications. INS was an agency within the United States Department of Justice. On March 1, 2003, INS ceased to exist and its adjudication functions were transferred to United States Citizenship and Immigration Services ("CIS"), an agency within the Department of Homeland Security ("DHS").

CIS adjudicates Form I-130 petitions. A citizen or lawful permanent resident can file a Form I-130 petition with CIS to establish the existence of a relationship to alien relatives who wish to immigrate to the United States. "[T]he approval of Form I-130 results in the beneficiary of the petition being classified as an immediate relative for purposes of issuing a visa for admission to the United States; it does not grant a visa or permanent resident status." United States v. Asibor, 109 F.3d 1023, 1035 (5th Cir. 1997). The date an approved I-130 petition was filed is the beneficiary's "priority date." 8 U.S.C. § 1153(e); 8 C.F.R. § 204.1(c). The beneficiary can apply to adjust his status to lawful permanent resident when his priority date becomes current. 8 U.S.C. § 1255(i); 8 C.F.R. § 245.1(a), (g)(1). The State Department's Bureau of Consular Affairs issues a monthly visa bulletin that establishes the current priority date. 8 C.F.R. § 245.1(g)(1). All I-130 beneficiaries with priority dates on or before the current priority date are eligible for adjustment of status. Id.

A person can submit an I-130 petition to CIS (formerly INS) on behalf of his or her spouse, parent, sibling, or child. A Form I-130 petition includes space for only one petitioner.

**B.      Form I-130 Petitions Submitted by "Silvestra, Maria D. Reynosa"**

In the spring of 1991, Maria Reynosa completed INS Form I-130 petitions for her daughters Ana Vera, Silvestra Lorena Garcia Vera ("Silvestra Vera"), and Rosendo Garcia Vera ("Rosendo Vera").  Maria Reynosa Aff. [Docket No. 23] ¶ 4.  A friend helped Maria Reynosa complete the petitions because Maria Reynosa could neither read nor write in English.  Id. Maria Reynosa's friend suggested that Maria Reynosa also list her mother Silvestra Reynosa Montiel ("Silvestra Montiel") as a petitioner because Silvestra Montiel was a United States citizen whereas Maria Reynosa was a legal permanent resident.[1]  Id.  Maria Reynosa and Silvestra Montiel agreed that the Form I-130 petitions would be stronger if Silvestra Montiel was also listed as a petitioner.  Id.

Although the petitioner section of the Form I-130 petition includes space for only one petitioner, Maria Reynosa provided information for both herself and her mother in the petitions she completed for her children.  Admin. R. ("A.R.") [Docket No. 19] at 254-55; Wilson Decl. [Docket No. 22] Exs. B, D.  Confusingly, each I-130 petition listed the petitioner as "Silvestra, Maria D. Reynosa."  A.R. at 254-55; Wilson Decl. Exs. B, D.  The petitioner's place of birth was listed as "Morenci, Arizona, Chihuahua, Chihua[hua, Mexico]."  A.R. at 254-55; Wilson Decl. Exs. B, D.  The petitioner's date of birth was listed as "12-31-24   4-6-40."  A.R. at 254-55; Wilson Decl. Exs. B, D.  Two social security numbers were listed.  A.R. at 254-55; Wilson Decl. Exs. B, D.  The signature line bears the signature "Silvestra Reynosa" and the space below the signature line bears the signature "Maria Dolores Vera Reynosa."  A.R. at 254-55; Wilson Decl.

---

[1] Maria Reynosa was unaware that she had derived United States citizenship from her mother.  Compl. [Docket No. 1] Ex. D at 2.

Exs. B, D.  On May 28, 1991, Maria Reynosa submitted the completed I-130 petitions to INS's Mesquite, Texas, service center.  A.R. at 254-55; Wilson Decl. Exs. B, D.

On July 1, 1991, INS sent receipt notices to "Sylvestra Reynosa" at the Ada Street, Odessa, Texas, address listed on the I-130 petitions.  A.R. at 20-21, 144.  On August 6, 1991, INS sent a request for evidence ("RFE") to "Maria D. Reynosa Silvestra" at the same address.  A.R. at 253.  The RFE stated:

> The documentation you have submitted suggests you were born in Arizona in 1924.  However, the birth certificates of your natural children all list you as being a national of Mexico.  Please explain this in a short statement.
>
> Also, you are not listed as the beneficiaries' natural mother on the birth certificates and it does not appear the beneficiaries are your step-children, or adopted children.  Please explain the exact family relationship.
>
> . . .
>
> NOTE: YOU ARE GRANTED 60 DAYS FROM THE DATE OF THIS NOTICE TO SUBMIT THE SOLICITED INFORMATION. . . .  FAILURE TO PROVIDE ANY OR ALL OF THE SOLICITED INFORMATION MAY RESULT IN THE DENIAL OF THE PETITION.

Id.  Maria Reynosa did not respond to the RFE because she thought it was a receipt notice.  Compl. ¶ 20.

In January 1992, Maria Reynosa called INS's Mesquite, Texas, service center to update the address information on her I-130 petitions to list her new address on Devine Avenue in Odessa, Texas.  Maria Reynosa Aff. ¶ 5.  However, the INS customer service employee told Maria Reynosa that the INS did not have any record of I-130 petitions under her name.  Id.  Neither Maria Reynosa nor INS took any further action on the I-130 petitions until 2001.

In 2001, Maria Reynosa consulted with an attorney about determining the status of the I-130 petitions.  Id. ¶ 6.  In August 2001, Maria Reynosa's attorney filed requests under the

Freedom of Information Act ("FOIA") for copies of Maria Reynosa's immigration files and her children's immigration files. A.R. at 346-50. The INS's response did not contain information regarding the Maria Reynosa's I-130 petitions. A.R. at 299; Maria Reynosa Aff. ¶ 6. Almost two years passed before Maria Reynosa made further attempts to discern the status of the I-130 petitions.

In 2003, Maria Reynosa retained new counsel. Id. ¶ 7. Beginning in June 2003, Maria Reynosa's counsel submitted FOIA requests for Maria Reynosa's immigration file. A.R. at 353-63. Maria Reynosa's counsel received responses from CIS service centers in Bloomington, Minnesota; Lee's Summit, Missouri; El Paso, Texas; and St. Albans, Vermont. Id. at 353-63. The CIS service centers' responses did not include information regarding the I-130 petitions. Id.

Meanwhile, on December 1, 2003, CIS's El Paso, Texas, service center (the "El Paso service center") mailed a notice requesting that "Maria D. Rey[n]osa Silvestra" and Ana Vera appear on December 11, 2003, for an interview regarding the 1991 I-130 petition for Ana Vera. Id. at 288-89. The notice to appear was mailed to the address on Ada Street in Odessa, Texas, listed on the I-130 applications. Id. at 288. However, Maria Reynosa and her family had not resided at that address since 1992, and the address had become a vacant lot. Maria Reynosa Aff. ¶ 5; A.R. at 287. The Postal Service returned the notice to appear to CIS as undeliverable. A.R. at 287. On January 5, 2004, CIS's El Paso District Director sent a letter to "Silvestra Reynosa" stating that her I-130 petition seeking to confer benefits upon Ana Vera was considered abandoned and denied as a matter of law because of the failure to respond to the notice to appear. Id. at 230-31. Neither Maria Reynosa nor her counsel received the January 5, 2004, letter because CIS sent it to the vacant lot on Ada Street. Id. 230.

On May 20, 2004, Maria Reynosa submitted amended I-130 petitions for Silvestra Vera and Rosendo Vera to CIS's St. Albans, Vermont, service center (the "St. Albans service center"). Wilson Decl. Exs. B, D.  The amended applications were copies of the earlier applications except that most of the information pertaining to Silvestra Montiel was crossed out.  Id.  As amended, the I-130 petitions more clearly reflected that "Maria D. Reynosa" was the petitioner, although Silvestra Reynosa's signature remained on the signature line.  Id.  In June 2004, CIS's St. Albans District Director terminated the I-130 petitions for Silvestra Vera and Rosendo Vera.  A.R. at 300.  The St. Albans District Director deemed the two petitions abandoned.  Id. at 311-12. Neither Maria Reynosa nor her counsel received the St. Albans District Director's decision.

On December 29, 2004, Maria Reynosa submitted a response to the 1991 RFEs to CIS's St. Albans service center.  Id.  279-84.  Maria Reynosa's response clarified that she was the petitioner on the 1991 I-130 petitions.  Id. at 280.  As of December 2004, the St. Albans service center had custody of the I-130 petitions for Silvestra Vera and Rosendo Vera, and the El Paso service center had custody of the I-130 petition for Ana Vera.  Id. at 282, 398, 463.

On January 4, 2005, Ana Vera filed a Form I-485 petition seeking to adjust her status to that of a lawful permanent resident under § 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i).  A.R. at 70-71.  Ana Vera stated on the application that she was eligible for lawful permanent resident status because she was the beneficiary of a 1991 I-130 petition filed by Maria Reynosa.  A.R. at 70.

On January 26, 2005, Maria Reynosa filed a new I-130 petition for Ana Vera.  Maria Reynosa Aff. ¶ 9. Maria Reynosa avers: "I filed a new petition because I wanted to protect Ana in case we could not resolve what had happened with the original petition.  My goal [wa]s to

6

have the original petition approved . . . [because t]he priority dates between the two petitions are 12 years apart." Id. ¶ 9.

On February 8, 2005, the St. Albans service center reopened the 1991 I-130 petitions for Silvestra Vera and Rosendo Vera. A.R. at 311-12. It appears the St. Albans service center reopened the two petitions based on the clarifying information in Maria Reynosa's December 29, 2004, response to the 1991 RFEs. On August 29, 2005, the St. Albans service center granted Maria Reynosa's 1991 I-130 Petitions for Silvestra Vera and Rosendo Vera. Id. at 260-61; Wilson Decl. Exs. B, D.

Contrary to the result at the Vermont Service Center, the El Paso service center refused to reopen the I-130 petition for Ana Vera. On or shortly before April 4, 2005, Maria Reynosa's attorney learned for the first time that the El Paso service center had terminated the 1991 I-130 petition for Ana Vera. Compl. ¶ 23. On April 4, 2005, Maria Reynosa's attorney requested that the El Paso service center reopen the 1991 I-130 petition for Ana Vera. A.R. at 463. On June 8, 2005, CIS's El Paso District Director denied Maria Reynosa's request to reconsider the denial of the 1991 I-130 petition. Id. at 227-28. The El Paso District Director explained that the petition was found to be abandoned because Maria Reynosa did not timely respond to the 1991 RFE and almost ten years elapsed before she inquired into the status of the 1991 petition for Ana Vera. Id. at 228.

On July 13, 2005, CIS granted Maria Reynosa's January 26, 2005, I-130 petition for Ana Vera. Gov't July 25, 2008, Hrg. Ex. 1. Nevertheless, Maria Reynosa continued to appeal the denial of the 1991 I-130 petition because approval of the 1991 petition would give Ana Vera a

1991 priority date, allowing her to immediately apply for permanent legal residence rather than having to wait for the later priority date.

On August 14, 2005, CIS's Bloomington, Minnesota, District Director denied Ana Vera's Form I-485 request to adjust her status to that of a lawful permanent resident. A.R. at 61-62. The Bloomington District Director determined that an immigrant visa was not immediately available to Ana Vera when she filed her Form I-485 because Maria Reynosa's 1991 I-130 petition for Ana Vera was denied. Id. at 62. Because an immigrant visa was not immediately available when Ana Vera filed the Form I-485 petition, she was not yet eligible for lawful permanent resident status. Id.

Over the next two years, Maria Reynosa pursued administrative appeals of CIS's denial of her 1991 petition for Ana Vera. On July 26, 2007, the Board of Immigration Appeals denied Maria Reynosa's final administrative appeal. Id. at 217. The Board of Immigration Appeals determined that Maria Reynosa lacked standing to appeal because she was not "Maria D. Reynosa Silvestra"—the petitioner listed on the 1991 I-130 petition. Id.

On August 28, 2007, Plaintiffs initiated this litigation against Michael Chertoff, the Secretary of the Department of Homeland Security; Emilio Gonzales, the Director of CIS; Denise Frazier, the Director of CIS's St. Paul, Minnesota, District; and Michael B. Mukasey, the Attorney General.[2] Plaintiffs seek a judgment declaring that Defendants' denial of Maria Reynosa's 1991 I-130 petition on behalf of Ana Vera is arbitrary and unlawful, and compelling Defendants to approve the petition. Compl. at 10.

---

[2] Michael B. Mukasey was substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

## III. DISCUSSION

**A.     Defendants' Rule 12(b)(1) Motion to Dismiss**

    **1.     Standard of Review**

Defendants move to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants argue that Plaintiffs' claims are moot. On a motion to dismiss under Rule 12(b)(1), a defendant may assert a "facial attack" or a "factual attack." Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Here, Defendants' Rule 12(b)(1) Motion relies on matters outside the pleadings. Therefore, the Court construes Defendants' Rule 12(b)(1) Motion as a factual attack. "In a factual attack, the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (quoted in Osborn, 918 F.2d 724 at 730). "The district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). Osborn, 918 F.2d at 730.

    **2.     Mootness**

Defendants argue this Court lacks subject matter jurisdiction because Plaintiffs' claims are moot. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000). Thus, federal courts cannot render advisory opinions or "decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

Defendants assert that CIS's approval of Maria Reynosa's 2005 I-130 petition for Ana Vera renders moot any issues regarding the denied 1991 I-130 petition because "Plaintiffs already have the relief they seek—the approval of an I-130 petition on behalf of Plaintiff Vera." Defs.' Mem. [Docket 16] at 7. In response, Plaintiffs argue that this Court has subject matter jurisdiction because approval of the 1991 I-130 petition would entitle Ana Vera to a 1991 priority date and allow her to immediately adjust to lawful permanent resident status, whereas Ana Vera must wait years before the 2005 priority date from her approved 2005 I-130 petition becomes current.

This Court finds that Plaintiffs' claims are not moot. Approval of the 1991 I-130 petition has immediate legal consequences for Vera because a 1991 priority date would allow Vera to adjust her status now, rather than years from now. Defendants have not challenged Plaintiffs' assertion that Ana Vera could immediately adjust her status if Maria Reynosa's 1991 I-130 petition is approved. Instead, Defendants argue that Plaintiffs have not adequately pleaded they are seeking approval of Maria Reynosa's 1991 I-130 petition for Ana Vera. Defs.' Reply Mem. at 2 (stating "[t]he only relief sought in the Complaint, essentially, is the granting of *an* I-130 petition filed on behalf of Plaintiff Vera by her mother, Plaintiff Reynosa") (emphasis added). However, Plaintiffs' Complaint specifically seeks approval of Maria Reynosa's 1991 I-130 petition on behalf of Vera. Compl. ¶ 37.

Defendants also argue that Kaur v. Chertoff, 489 F. Supp. 2d 52 (D.D.C. 2007), stands for the proposition that where a petitioner files two I-130 petitions on behalf of the same beneficiary, the latter petition supersedes the former petition and CIS has discretion to disregard the former petition. There, Kaur, a legal permanent resident, filed a 2001 I-130 petition on

behalf of her husband Malhi, who was subject to removal proceedings. Id. at 56. Malhi had entered the country illegally and without inspection. Id. at 54-55. As a result of the removal proceedings, Malhi agreed to a voluntary departure order that set an April 20, 2004, reporting date. Id. at 57. However, Malhi did not report for voluntary departure. Id. On February 22, 2005, Kaur, who had become a citizen, filed a second I-130 petition on behalf of Malhi. Id. at 57. On July 10, 2006, CIS approved Kaur's 2005 petition. Id. at 58. However, under 8 U.S.C. § 1255(i)(1)(B)(i), an alien spouse who is in the United States illegally can adjust his or her status only if he or she is the beneficiary of an I-130 petition filed on or before April 30, 2001. Thus, Malhi could not adjust his status based on the approved 2005 I-130 petition. Kaur and Malhi initiated litigation seeking a writ of mandamus to compel CIS to adjudicate her 2001 I-130 petition so that Malhi could adjust his status.

The defendants, officials of CIS and DHS, moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. The district court dismissed the action for failure to state a claim because the INA barred Malhi from receiving any relief for a period of ten years because he failed to comply with the voluntary departure order. Id. at 63-64. In the alternative, the district court held that mandamus relief was inappropriate because Kaur and Malhi had not satisfied the standard for mandamus relief because they had not demonstrated that CIS "possessed a 'clear and indisputable' duty, when confronted with two nearly identical I-130 petitions filed on behalf of the same alien, to consider the earlier-filed petition rather than, or even in addition to, the later-filed petition." Id. at 65. Noting that Kaur's status had changed, the court stated that "[t]o the extent that the April 2001 I-130 petition was therefore outdated . . . while the February 2005 I-130 petition reflected the more current information, the latter

11

effectively superseded the former, and it is difficult for this Court to fathom any reason why the USCIS might be compelled to consider them both." Id. at 66.

Defendants argue that the reasoning in support of Kaur's alternative holding is applicable to the instant case, and therefore Maria Reynosa's 2005 I-130 petition supersedes her 1991 I-130 petition. However, although CIS has considerable discretion in circumstances where an I-130 petitioner files multiple petitions on behalf of the same beneficiary, the dicta in Kaur does not support an ironclad rule that a plaintiff can never challenge CIS's decision to disregard the earliest filed petition. In the instant case, Maria Reynosa filed the 2005 I-130 petition because after two years of inquiries she still was unable to determine the status of the 1991 I-130 petitions. Maria Reynosa Aff. ¶ 9. On these facts, the Court finds that Maria Reynosa's 2005 petition does not prevent her from challenging the denial of her earlier 1991 petition. Defendants' Rule 12(b)(1) Motion to Dismiss is denied.

**B.     The Parties' Cross-Motions for Summary Judgment**

**1.     Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d at 470 (8th Cir. 1995). The nonmoving party may not "rest

on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

### 2. Administrative Procedure Act

The standard of review set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, applies in this litigation. "The denial of a petition for preferential immigration classification is reviewed for a determination of whether the decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Gipson v. INS, 284 F.3d 913, 916 (8th Cir. 2002) (citing 5 U.S.C. § 706(2)). "The arbitrary and capricious standard is a narrow one that reflects the deference given to agencies' expertise within their respective fields. As long as the agency provides a rational explanation for its decision, a reviewing court cannot disturb it." Henry v. U.S. Dep't of the Navy, 77 F.3d 271, 272 (8th Cir. 1996). "[S]ubstantial evidence is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions does not indicate that substantial evidence fails to support an agency's findings." Id. at 273. While an agency must articulate a "rational connection between the facts found and the choice made," a court "will uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned." Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974).

### 3. CIS's Denial of Maria Reynosa's 1991 I-130 Petition for Ana Vera

Defendants argue that the record conclusively demonstrates that Defendants' decision to deny Maria Reynosa's 1991 I-130 petition for Ana Vera was not arbitrary and capricious. This Court agrees. It is undisputed that Maria Reynosa incorrectly completed her 1991 I-130

petitions. The petitioner was listed as "Silvestra, Maria D. Reynosa." The petitioner section included information of both Silvestra Montiel and Maria Reynosa. Silvestra Montiel's information was listed first. Silvestra Montiel signed the signature line as "Silvestra Reynosa."

Understandably, INS's initial communications reflected confusion regarding the identity of the petitioner. INS issued July 1991 receipt notices addressed to "Silvestra Reynosa," the only name on the signature line of the I-130 petitions. In August 1991, INS issued RFEs addressed to "Maria D. Reynosa Silvestra," a non-existent person, which Maria Reynosa admits she received. The August 1991 RFE raised significant issues regarding "Maria D. Reynosa Silvestra's" relationship to the beneficiaries.

The August 1991 RFE should have put Maria Reynosa on notice that INS considered "Maria D. Reynosa Silvestra" to be the petitioner rather than Maria Reynosa. Unfortunately, Maria Reynosa, who could not read in English, did not understand the RFE and failed to clarify that she was the petitioner. Maria Reynosa's failure to respond to the RFE set in motion a chain reaction. When Maria Reynosa called the INS in 1992 to change her address, the INS had no record of any I-130 petitions under her name, presumably because the INS's records listed the petitioner as "Maria D. Reynosa Silvestra." Because Maria Reynosa was unable to change the address on the petitions, the El Paso service center's December 2003 notice to appear regarding the 1991 I-130 petition for Ana Vera was mailed to a vacant lot. As a result, the El Paso District Director determined in January 2004 that the 1991 I-130 petition for Ana Vera was abandoned. When Maria Reynosa requested that her petition for Ana Vera be reopened, the El Paso District Director refused because "Maria D. Reynosa Silvestra" did not respond to the 1991 RFE.

Considered in isolation, CIS's and the Board of Immigration Appeals' adjudication of Maria Reynosa's 1991 petition for Ana Vera was rational and, as a matter of law, was not arbitrary and capricious because Maria Reynosa failed to timely respond to the 1991 RFE. However, Plaintiffs argue that the adjudication of Maria Reynosa's 1991 petition for Ana Vera was arbitrary and capricious in light of CIS's decision to reopen and approve Maria Reynosa's 1991 I-130 petitions for Silvestra Vera and Rosendo Vera. In response, Defendants' counsel stated at oral argument that the reopening and approval of Maria Reynosa's 1991 I-130 petitions for her other daughters was highly unusual and was very likely a mistake.

Based on the entire record, the Court finds that the adjudication of Maria Reynosa's 1991 I-130 petition for Ana Vera was rationally related to the facts and, as a matter of law, was not arbitrary and capricious. The El Paso District Director rationally decided that Maria Reynosa's 1991 petition for Ana Vera should not be reopened because Maria Reynosa did not respond to the 1991 RFE and clarify she was the petitioner, and because almost a decade elapsed before Maria Reynosa inquired about the I-130 petition for Ana Vera. Although the St. Albans District Director decided to reopen Maria Reynosa's 1991 I-130 petitions for Silvestra Vera and Rosendo Vera, Plaintiffs have not provided any legal authority or evidence suggesting that the El Paso District Director should have reached the same conclusion, or that CIS has a practice of routinely reopening terminated I-130 petitions in similar circumstances. Defendants' Motion for Summary Judgment is granted and Plaintiffs' Motion for Summary Judgment is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Michael Chertoff, Emilio Gonzales, Denise Frazier, and Michael B. Mukasey's Motion to Dismiss [Docket No. 14] is **DENIED**;

2. Defendants' Motion for Summary Judgment [Docket No. 14] is **GRANTED**; and

3. Plaintiffs Ana Isabel Garcia Vera and Maria Dolores Vera Reynosa's Motion for Summary Judgment [Docket No. 20] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


     s/Ann D. Montgomery     
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 25, 2008.